THE STATE OF OHIO, APPELLEE, *v.* CORAN, APPELLANT.

(No. 2290—Decided May 12, 1948.)

*Mr. D. Deane McLaughlin,* prosecuting attorney, for appellee.

*Mr. D. Bruce Mansfield,* for appellant.

McCLINTOCK, J. This was an action in which the defendant, appellant, was indicted for the crime of abortion. The indictment charges that Jack E. Coran, on the 14th day of July 1947, used certain instruments in and upon the body of one Jayred, a woman then and there pregnant with child, with intent to procure the miscarriage of the said Jayred, such miscarriage not being then and there necessary to preserve her life, and not being advised by two physicians to be necessary for that purpose, in consequence whereof the said Jayred miscarried and was prematurely delivered of said child, contrary to the statutes in such cases made and provided and against the peace and dignity of the state of Ohio.

To this indictment the defendant entered a plea of not guilty. Thereafter the cause came on for hearing before a court and jury, and at the conclusion of the testimony of the state a motion was interposed by counsel for defendant to direct a verdict for the defendant on the ground that the state failed to prove the essential elements of the alleged crime, to wit:

1. The state has failed to show that the alleged abortion was not necessary to preserve life, as required by the statute.

2. The state has failed to show that instruments, as set forth in the indictment, were used by the defendant.

3. The state has failed to show by competent proof that any abortion was in fact committed.

That motion was overruled by the court below. Thereupon the defendant rested, without the introduction of any testimony, and counsel for defendant renewed the motion interposed at the conclusion of the state's case, which motion was overruled by the court below.

The jury found the defendant guilty as charged in the indictment. Motion for new trial was filed by the defendant and overruled.

The defendant appealed to this court on questions of law, and for his assignment of errors claims:

1. The trial court erred in not sustaining defendant's motion for a directed verdict on the ground that the state failed to prove the statutory elements of the crime charged, to wit: That the miscarriage was not necessary to preserve the life of the one upon whom it allegedly had been performed.

2. The trial court erred in not granting the defendant a new trial for the same claimed error.

These assignments of error will be considered together, as only one question of law is involved.

To sustain a conviction for the crime of abortion it is necessary for the state to prove beyond the existence of a reasonable doubt five essential elements: (1) Using an instrument or other means; (2) with intent to procure miscarriage; (3) actual miscarriage; (4) it not being necessary to preserve life; or (5) not having been advised by two physicians.

Counsel for defendant makes no claim that the state did not so prove these essential elements, except the one that required proof that the miscarriage was not necessary to preserve the life of Janice Lee Jayred.

It is a well settled principle of law that proof may be either direct or circumstantial. In this particular case there was no direct proof that the miscarriage was not necessary to preserve the life of Janice Lee Jayred.

"It is incumbent on the state to prove the necessary negative averment that the miscarriage was not necessary for the purpose of saving the woman's life. And there must be adequate proof of this negative element. But it need not be proven by positive testimony; evidence which tends to show the condition of the woman at the time of and before the alleged miscarriage is sufficient. The contrary is true as to the other exception in the statute—that the procurement of a miscarriage was not 'advised by two physicians to be necessary.' It is for the accused to show that he is entitled to the benefit of this exception." 1 Ohio Jurisprudence, 146, Section 12.

"While it is incumbent on the state in order to convict in an indictment under General Code 12412, for procuring an abortion, to prove that the same was not necessary in order to preserve the life of the mother, the state is not required to prove that such act was not advised by two physicians to be necessary for such purpose, as this latter negative averment may be easily

shown by the defendant, while it would be very difficult, if not impossible, to be established by the State." *Bridge* v. *State,* 20 C. C. (N. S.), 231, 35 C. D., 856.

"The statute to which reference has been made authorized a conviction 'unless such miscarriage is necessary to preserve her life, or is advised by two physicians to be necessary for that purpose, if the woman either miscarries or dies in consequence thereof.'

"Of course this provision which has just been quoted may be sustained by any competent evidence, and with a view to ascertaining whether it is sustained, we have very carefully examined the evidence and find abundance of evidence warranting the jury in so concluding. Indeed, there is nothing in the evidence relative to the condition of Minnie Parrish at the time of the operation that in any wise tends to show any necessity for the performance of the operation in order to preserve her life." *Bridge* v. *State, supra,* at page 232.

In the case of *State* v. *Holden,* 20 N. P. (N. S.), 200, 207, 28 O. D. (N. P.), 123, we find the following language by the court, to wit:

"It is reasonable to infer from the failure of defendant to inform the girl that the operation was necessary to save her life, and from her age and not being married, from the fact that her parents were not aware of her condition, from the fact that she was working up to the time of the operation, that the operation was unnecessary to save her life and that two physicians had not advised that it was necessary; that the abortion was not necessary to save life."

It therefore became the duty of this court to read the entire record in this case, which it did, to determine whether there was sufficient evidence to prove beyond the exisence of a reasonable doubt that the operation was not necessary to preserve the life of Jayred.

We find from an examination of this record that Jayred was 21 years of age, unmarried, and was a student in a senior college class. The girl testified positively that no doctors ever advised her to have such operation performed. She did not tell her mother about her condition, but did convey the information to her father. On the day of the abortion she traveled by way of bus from Madison to Kent and came in an auto with one Foy to Canton, where the operation was performed by the defendant, who was not a doctor, but an ordinary layman who worked at the Republic Steel Company, and he, before trial, signed a written statement for the police, admitting that he had performed the abortion, but at no time did he claim that it was necessary to perform such operation to save the life of Jayred.

Foy, in the absence of Jayred, made the arrangements with the defendant for this operation, and Jayred did not, prior to the operation, have much conversation with the defendant, except that they talked mostly about his dog. After the operation was performed she went to the St. Francis Hotel and Foy stayed with her in the same room for some time. After the miscarriage, the foetus was thrown into the toilet. The next day she was suffering severe pain and a doctor, Hiram A. Bazzoli, was called. He made an examination of her and found nothing wrong with her physical condition, other than vaginal hemorrhage. In answer to the question ''What did your examination consist of?'' the doctor answered: ''Well, the examination was a pelvic examination and no positive findings except vaginal bleeding.'' The doctor called on her the next day and found her condition good.

In consideration of all these facts and circumstances this court is of the opinion that the state did prove beyond the existence of a reasonable doubt that the

miscarriage was not necessary to preserve the life of Janice Lee Jayred and for that reason the judgment of the Court of Common Pleas is affirmed.

*Judgment affirmed.*

PUTNAM, P. J., and MONTGOMERY, J., concur.